Kirkpatrick, C. J. and Rossell J.
— Were decidedly of opinion, that the conduct of the defendant was a gross fraud; and such as wholly to vitiate the contract, and render it null and void; and that the action of trover, brought by the plaintiff in the Common Pleas, was the proper remedy, and ought to have been sustained by that court; therefore, that the judgment of the Common Pleas must be reversed.
Pennington, J.
— I am not satisfied that this action can be maintained, and would have asked time to consider it, had not my brethren been so perfectly satisfied of the correctness of the opinion they have formed, that no advantage can arise from delay. As the case stood on the evidence before the Common Pleas, the conduct of the defendant was grossly bad; and it would be a reflection on our law, if it afforded no remedy. I am clearly of opinion, that it does, not only in equity, but in a court of common Jaw. As at present advised, I incline to think, that this remedy has been mistaken by the plaintiff. The most essential ingredient in an action of trover, is property in the plaintiff. The property in this case, was changed. The mare was sold and delivered, and part of the consideration at least, good and valid. The cases in the books for money had and received, do not apply. The action for money had and received, is in the nature of a bill in equity. The proper action at law in this case, I apprehend to be, an action of deceit, or [*] what is more easy and familiar, a special action on the case, in the nature of an action of deceit.*
Judgment of the Common Pleas reversed, and a venire de novo awarded.

 1 Comyn’s Dig. 230,236.